No. 87-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

IN RE THE CUSTODY OF
DONALD D. ZIER, JR.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael G. Majerus, Billings, Montana

For Respondent:

D. Michael Eakin, Montana Legal Services, Billings,
Montana

_____

Submitted on Briefs: Jan. 14, 1988

Decided: March 1, 1988

Filed: **MAR 1 - 1988**

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Zier filed a petition for modification of child custody in the District Court for Yellowstone County. The respondent moved to dismiss the petition on grounds that the Crow Tribal Court was a more appropriate forum. The District Court granted this motion and deferred jurisdiction to the Tribal Court. We affirm. Mr. Zier presents one issue on appeal:

Did the District Court abuse its discretion by dismissing the petition for modification of custody, thereby deferring to the jurisdiction of the Crow Tribal Court?

Petitioner Donald Zier and respondent Meredith Hogan were married in 1983 at Crow Agency, Montana. Donald, Jr., was born to the couple in December of that year. In 1984 Mr. Zier petitioned the District Court of the Thirteenth Judicial District for a legal separation. Ms. Hogan responded by requesting dissolution, which was granted in March 1985. The parties were granted joint legal custody over Donald, Jr., with Ms. Hogan as primary custodian.

In August of 1985 Ms. Hogan and Mr. Zier agreed that he would have physical custody of the boy. Mr. Zier petitioned the Crow Tribal Court for guardianship, and the tribal court, in October 1985, placed the child in the custody of his father for a period of six months at which time another hearing was to be held to determine permanent custody. Evidently that hearing was not held. Mr. Zier moved to Billings in April 1986. In October 1986 he filed a petition in District Court seeking modification of that court's 1985 custody award and asking for full legal custody of Donald, Jr.

Later, the tribal court held an evidentiary hearing concerning custody of the boy and continued the matter until

2

completion of a home study by Court Services of the Thirteenth Judicial District. In February 1987, Ms. Hogan filed a motion to dismiss the petition for modification of custody in the District Court on grounds that the Crow Tribal Court was a more appropriate forum. On July 29, 1987, the District Court deferred jurisdiction of the custody matter to the Crow Tribal Court and dismissed Mr. Zier's petition for modification of custody. This is the order from which Mr. Zier appeals.

Did the District Court abuse its discretion by dismissing the petition for modification of custody, thereby deferring to the jurisdiction of the Crow Tribal Court?

Mr. Zier argues that the District Court, not the Crow Tribal Court, was the "most appropriate forum for handling this custody dispute." Section 40-7-108, MCA, provides in pertinent part as follows:

> A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
> (2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
> (3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
> (a) if another state is or recently was the child's home state;
> (b) if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3

(c) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(d) if the parties have agreed on another forum which is no less appropriate; and

(e) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in 40-7-102.

This statute should be considered in the district court's determination whether to exercise jurisdiction or defer to the tribal court in a child custody matter. In re Bertelson (1980), 189 Mont. 524, 540, 617 P.2d 121, 130. However, in Bertelson we outlined other factors, in addition to the statute, which the District Court must consider in deciding the jurisdiction question. We will not overturn the District Court's judgment in the absence of clear abuse of discretion. Both parties argue to this Court facts which simply are not a part of the record on appeal. In addition, they have appended to their briefs documents which were not before the District Court and therefore will not be considered by this Court.

The District Court in its order referred to a March hearing, yet the appellant has not filed a transcript of that hearing with this Court. What we do have is the following list of stipulated facts which was before the District Court:

1. Petitioner got actual physical custody of the parties' child in August 1985.

2. Petitioner moved from the Crow Reservation to Billings in the last part of April of 1986.

3. Respondent has been a student and attending school in Nevada during the last year. Her permanent residence has always been on the Crow Reservation.

4. Respondent currently resides on the Crow Reservation.

5. Both the maternal and paternal grandparents of the child reside on the reservation.

4

6. An evidentiary hearing was held in the Crow Tribal Court. Before completion of the evidentiary hearing, the trial judge continued the matter until the completion of a home study by Court Services. The tribal court is awaiting that report before proceeding.

These facts together with the rest of the record on appeal present no basis for seriously questioning the District Court's discretion. On the contrary, we commend both the District Court and the Crow Tribal Court for the obvious spirit of cooperation between them. The District Court's decision to defer to the Tribal Court's jurisdiction avoids competition and conflict between the courts, promotes the purposes of the Uniform Child Custody Jurisdiction Act as set forth in § 40-7-102, MCA, and discourages continuing battles for custody. Because Mr. Zier has failed to show an abuse of discretion, we affirm the District Court's deference to the jurisdiction of the Tribal Court and its dismissal of the petition for modification of custody. Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5